GAUDIN, Judge.
Appellant Soel Ortiz was convicted by a jury in Jefferson Parish of possession with intent to distribute a controlled dangerous substance, cocaine. He was sentenced to 20 years at hard labor to run consecutive to the five-year prison term he is now serving in a federal institution in Florida. Ortiz was also ordered to pay a fine of $100,-000.00 and court costs.
On appeal, Ortiz’s four assignments of error are:
*1201 (1) his motion to suppress evidence should have been granted as the consent to search his apartment was not freely given;
(2) his motion for acquittal after trial should have been granted as the evidence was insufficient to support the guilty verdict;
(3) his sentence was excessive; and
(4) there are errors patent.
We affirm Ortiz’s conviction and 20-year jail sentence. The fine, however, is statutorily excessive and it is reduced to $15,-000.00.
The events leading up to appellant’s arrest are as follows:
On January 15, 1985, undercover agents of the Jefferson Parish Sheriff’s Office made arrangements to purchase four ounces of cocaine from Maria Hernandez. Ms. Hernandez met the agents at approximately 6:45 p.m. at Gaylord’s Shopping Center parking lot on Manhattan Boulevard in Harvey. After a brief conversation, Ms. Hernandez stated that she had to go “to a friend’s apartment to pick up the cocaine and that she would meet the agents in the K & B drugstore parking lot in Westwego.
Upon leaving Gaylord’s, the agents followed Ms. Hernandez, who proceeded to 1214 Cypress Street, apartment D, in Marrero.
After a short time there, Ms. Hernandez left the apartment and drove to the K & B parking lot, where she met an undercover agent and gave him a cellophane bag containing approximately one ounce of cocaine. Other agents appeared on the scene, confiscated the cocaine and placed Ms. Hernandez under arrest.
Ms. Hernandez subsequently indicated a willingness to cooperate and told the agents that she would show them where the cocaine was located. Ms. Hernandez further told the police that Ortiz was the person from whom she obtained the cocaine, that he was expecting her back in approximately 15 minutes and that if she did not return within that time, he would destroy the rest of the cocaine and go searching for her.
Approximately 15 minutes after Ms. Hernandez was stopped, Ortiz was observed by the undercover agents leaving his apartment. A short time later, the defendant was stopped in the K & B parking lot by the undercover agents, who identified themselves as police officers. They informed Ortiz that they had Ms. Hernandez in custody and that he was under investigation for possible narcotics dealings. Ortiz signed a consent form, authorizing the agents to search his apartment. As a result of the search, three ounces of cocaine, a scale and $2,473.00 in cash were seized.
ASSIGNMENT NO. 1
In this first assignment of error, Ortiz argues that the objects found in his apartment should have been suppressed as evidence. He contends that he had no involvement in the drug transaction, that the cocaine, scale and money belonged to Ms. Hernandez and others and that he did not freely and knowingly sign a consent-to-search form.
A motion to suppress evidence was heard prior to trial, during which Ortiz testified that when police officers first approached him, one of them told him to “... sign this paper or I’ll blow your head off.” Under duress, Ortiz said, he signed.
Two policemen also testified at the motion to suppress, including deputy Kenneth Soutullo, who said:
“He drove around for a couple of minutes, obviously looking for someone, at which point myself and Agent Valenti stopped Mr. Ortiz and identified ourselves as narcotics agents and advised him of his rights. We also advised him that we had Ms. Hernandez in custody and that we were preparing to obtain a search warrant for his apartment. We asked Mr. Ortiz if he wished to cooperate and he said that he did at which time I advised him of his rights and also let him read the Rights Form that the Jefferson Parish Sheriff’s Office has. After I read it to him, and he read it himself, he agreed to sign the Rights Form and also the waiver of rights section at the bottom of the form. After that, I asked Mr. *1202 Ortiz if he would agree to sign a consent search of his apartment, and he agreed to do that, at which time I read him the complete consent search form, and also again allowed him to read the form himself, and he signed that also.”
Soutullo stated that Ortiz was not threatened or coerced and that Ortiz acknowledged that he understood what he was signing. Ortiz testified that he couldn’t read English but no other testimony or evidence substantiates this. Soutullo said that Ortiz did not tell him that he had any trouble reading or comprehending the various forms he signed.
Also, Ortiz’s testimony at both the motion to suppress and the actual trial shows he knows and understands the English language quite well.
Voluntariness is a question of fact to be decided by the trial judge after considering all pertinent circumstances. See State v. Edwards, 434 So.2d 395 (La.1983), and State v. Bearden, 449 So.2d 1109 (La.App. 5th Cir.1984).
Here, the trial judge’s credibility evaluations favor the prosecution. We cannot say these findings were not supported by the record or that they were wrong. If the trial judge believed the state’s witnesses instead of Ortiz — and no doubt he did — the motion to suppress was properly denied.
ASSIGNMENT NO. 2
In this assignment of error, appellant asserts that the evidence at trial was insufficient and that the requisite elements of LSA-R.S. 40:967 were not proven beyond a reasonable doubt. Ortiz cites Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State v. Raymo, 419 So.2d 858 (La.1982).
Ortiz testified in his own behalf, saying he had not been engaged in any criminal activity. He said that Ramon Navarro, a Cuban male, had given the cocaine to Ms. Hernandez. Ortiz left his apartment to search for Ms. Hernandez, he explained, because he didn’t want anything to happen to her.
The prosecution’s witnesses were four police officers and Ms. Hernandez. Ms. Hernandez said that she had obtained the cocaine from Ortiz and that he was directly involved in the purported cocaine sale.
Ms. Hernandez and the prosecutor advised the jury that charges against her would be dismissed in exchange for her testimony against Ortiz. In vain, the defense attempted to show that Ms. Hernandez had given false testimony in exchange for freedom. She said that the assistant district attorney with whom she spoke the day before the trial had not threatened her but had only asked her to testify truthfully. She said that her statements were in fact true.
Concerning sufficiency of evidence, the applicable standard of review on appeal was expressed in Jackson v. Virginia, supra, and State v. Richson, 501 So.2d 885 (La.App. 5th Cir.1987). This standard is met if any rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found that all essential elements of the crime had been proven beyond a reasonable doubt.
In order to convict Ortiz, the state had to prove that the defendant possessed cocaine with the intent to distribute (or sell) it. Actual possession was not required, only that Ortiz exercised dominion or control over the illegal substance.
When Ms. Hernandez’s testimony, supported by that of the police officers, was accepted by the jury, the Jackson v. Virginia standard was satisifed.
While there was some circumstantial evidence, such as the finding of cocaine, the scale and money in Ortiz’s apartment, it is likely that appellant was convicted primarily because of Ms. Hernandez’s direct and positive testimony about Ortiz’s major role in the drug-selling scheme. The testimony of one such witness, if straightforward and jury-convincing, can sustain a finding of guilty. A rational trier of fact, considering Ms. Hernandez’s testimony along with the rest of the evidence, could have found that Ortiz possessed and did intend to distribute cocaine.
*1203 ASSIGNMENT NO. 3
Ortiz’s two-part sentence provided for 20 years at hard labor and a $100,-000.00 fine.
It appears, from the record, that Ortiz was arrested here and posted bail. He went to Tallahassee, Florida, where he was arrested for distribution of cocaine. After being convicted in federal court and given five years in prison, he was then returned to Jefferson Parish to stand trial.
In fully complying with LSA-C.Cr.P. art. 894.1 and passing sentence here, the trial judge noted that Ortiz has not led a law-abiding life and that he would likely commit other drug-related crimes if not incarcerated. The trial judge called Ortiz "... a dealer ... and a source of trouble in drug trafficking ...”
We cannot say that the sentencing judge’s broad discretionary power was abused by the 20-year term. The maximum allowed by statute is 30 years.
The $100,000.00 fine, however, was statutorily excessive. Ortiz’s fine, according to LSA-R.S. 40:967(B)(1), could not exceed $15,000.00, and we hereby reduce the fine from $100,000.00 to $15,000.00.
The trial judge inadvertently sentenced Ortiz under LSA-R.S. 40:967(F)(1), which does provide for “... a fine of not less than $50,000.00 nor more than $150,-000.00.” However, Ortiz was not specifically charged with this subsection in the Bill of Information; accordingly, the sentence and fine are controlled by LSA-R.S. 40:967(B)(1), which states that a convicted person “shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than 30 years; and may, in addition, be sentenced to pay a fine of not more than $15,000.00.”
ASSIGNMENT NO. 4
Other than for the excessiveness of the fine, there are no errors patent.
We affirm Ortiz’s conviction and sentence. His fine is reduced from $100,-000.00 to $15,000.00.
CONVICTION AND SENTENCE AFFIRMED, STATUTORY FINE REDUCED.
WICKER, J., concurs in part and dissents in part.