PLOTKIN, Judge.
Defendants Richard Rattler and Terry Lacour were arrested by New Orleans Parish Police February 29,1988 when a search of the apartment occupied by Rattler yielded 22 pounds of marijuana, a pound of cocaine, more than $11,000 and a revolver. They were charged by bill of information with one count of possession with intent to distribute marijuana and one count of possession with intent to distribute cocaine. They sought suppression of the evidence based on their contentions that the search warrant was defective for a number of reasons. The trial court denied the motion and writs were taken. We find that the warrant was not defective.
The affidavit which accompanied the warrant application stated that Detective Tyrone Martin met with an confidential informant (Cl) who had proven reliable in the past on February 24, 1988. The affidavit specifically stated that the Cl had given information that had led to the arrest and conviction of several subjects. The Cl allegedly told Detective Martin that he was inside Rattler’s apartment earlier that day and observed about an ounce of cocaine on a table. He stated that Rattler told him that he made $4,000 per day selling drugs, but admitted that he did not buy any drugs from Rattler. The affidavit also related the Cl’s belief that Rattler might have been making, manufacturing or producing “hard core obscene pornographic material” because he had several cameras and he was bragging. The affidavit does not say what Rattler was bragging about, but the briefs indicate that he allegedly stated that he made movies with women. The affidavit also notes that Rattler was arrested on an unspecified date as a convicted felon in possession of a firearm and that Rattler stated at that time that he had other weapons inside his apartment. Finally, the affidavit stated that Rattler was wanted by “CDC Court” for illegally carrying weapons.
*854 The defendants claim the warrant was deficient because it was not based on probable cause and because the CPs information upon which the warrant was based was stale.

Probable Cause

La.C.Cr.P. art. 162 provides, in pertinent part, as follows:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
The test for determining the sufficiency of a warrant based on information supplied by a Cl is a “totality of the circumstances” test established by the United States Supreme Court in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Some of the things to be considered include the Cl’s basis of knowledge and corroboration of the CPs information. Id. Applying that test to the warrant application at hand, we find that the information presented in the warrant affidavit was sufficient to support issuance of the warrant. The magistrate properly made “a practical common-sense decision whether, given all the circumstances set forth in the affidavit, there [was] a fair probability that evidence of a crime [would] be found in a particular place.” State v. Lingle, 436 So.2d 456 (La.1983).
Although the affidavit does not reflect that the police independently corroborated the information supplied by the Cl, the affidavit makes an affirmative statement that the Cl had previously supplied information which had led to arrests and convictions in the past. The prior test used to determine the sufficiency of a warrant based on information supplied by a confidential informant required a showing that both the informant and his information were reliable. See Spinelli v. U.S., 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Under the more flexible test established by Gates, supra, those two categories are considered “relevant considerations in the totality of the circumstances analysis.” State v. Duron, 524 So.2d 164, 166 (La.App.4th Cir.1988). “[A] deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability.” Id. In this case, any deficiency in showing the reliability of the information is overcome by the strong showing of reliability of the informant himself. Therefore, the warrant was properly issued. Staleness of Information
In this case, the search warrant was not issued or executed until five days after the Cl provided his information to Detective Martin. The defense claims this fact made the warrant deficient because there was no indication the ounce of cocaine observed by the Cl would still be in the apartment after that interval.
“Staleness is not an issue unless time passage makes it doubtful the object sought in the warrant will still be in the place where it was observed.” State v. Tate, 407 So.2d 1133 (La.1981). In the instant case, the objects to be sought were listed as “cocaine, marijuana, sexually explicit material, and other drug paraphernalia.” In light of the Cl's statement that Rattler told him he made $4,000 per day selling drugs, there was no reason for the magistrate to believe that the passage of five days made it doubtful that drugs would not be in the the apartment which was the object of the search. The same analysis applies to the “sexually explicit material” sought. Since the Cl indicated a belief that the defendant was engaged in the manufacture of pornographic films, there was no reason to believe the objects of the search would not be present when the warrant was issued five days after the information was supplied.

Conclusion

Our analysis of the warrant application in question indicates that the magistrate was justified in believing that probable cause existed. He properly decided that the “facts and circumstances within the affiant’s knowledge and of which he [had] reasonable trustworthy information, [were] sufficient to support a reasonable belief *855 that an offense [had] been committed and that evidence or contraband [might have been] found at the place to be searched.” State v. Poree, 406 So.2d 546 (La.1981); State v. Washington, 482 So.2d 171 (La.App.4th Cir.1986). Therefore, the trial judge properly denied the motion of suppress.