558 So.2d 611 (1990)
STATE of Louisiana
v.
Anthony Joseph CUTRERA, Jr.
No. 89 KA 0369.
Court of Appeal of Louisiana, First Circuit.
February 21, 1990.
Bernard E. Boudreaux, Jr., Dist. Atty., Walter J. Senette, Jr., Asst. Dist. Atty., Franklin, for State.
Robert P. Fuhrer, Morgan City, for defendant.
Before COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
WATKINS, Judge.
The defendant, Anthony Joseph Cutrera, Jr., was charged by bill of information with one count of distribution of dilaudid, in violation of LSA-R.S. 40:967 A.(1), and one count of possession of dilaudid, in violation of LSA-R.S. 40:967 C.[1] *612 The defendant filed two motions to suppress, both of which were subsequently denied by the trial court. Pursuant to a plea bargain agreement, the defendant pled guilty to possession of dilaudid, and the charge of distribution of dilaudid was nolle prosequied. The defendant specifically reserved the right to appeal the trial court's denial of his motions to suppress. See State v. Crosby, 338 So.2d 584 (La.1976). The defendant received a sentence of five years at hard labor. However, this sentence was suspended. The defendant was placed on four years supervised probation with numerous special conditions of probation, including a period of six months in the parish jail, a fine of $7500.00 plus court costs, and costs of the investigation. The defendant has appealed, alleging one assignment of error, specifically, that the trial court erred in denying the motion to suppress.
The following facts are derived from the testimony adduced at the preliminary examination and the two motion to suppress hearings. On January 6, 1988, Theresa Feeback, a confidential informant working with the Louisiana State Police, telephoned the defendant from her hotel room and asked to purchase some dilaudid from him. This telephone conversation was tape-recorded by the authorities. The drug transaction took place a short time later in the parking lot of a nearby store. The defendant apparently spotted law enforcement officers who were observing the drug transaction. He fled from the scene with Ms. Feeback in his car. He was stopped after a short chase and arrested. Eight hundred dollars in marked bills was seized from the defendant, and nineteen dilaudid tablets were recovered from the confidential informant.
ASSIGNMENT OF ERROR:
In this assignment of error, the defendant contends that the trial court erred in denying his motion to suppress the intercepted telephone communication between himself and the confidential informant, Ms. Feeback.[2] In his brief to this Court, the defendant makes three arguments. First, he contends that the State, not the defense, had the burden of proof at the motion to suppress hearing. Second, he argues that the trial court erred in allowing into evidence Trooper LaSalle's hearsay testimony on the issue of Ms. Feeback's consent to tape-recording of the telephone conversation. Finally, the defendant contends that the State failed to prove that Ms. Feeback's consent to the tape-recording of the telephone conversation was freely and voluntarily given.
The Electronic Surveillance Act, LSA-R.S. 15:1301 et seq., generally prohibits the interception and disclosure of wire or oral communications. However, there are exceptions to this general prohibition, such as where one of the parties to the communication consents to its interception, or where a prior court order for the interception is obtained. See LSA-R.S. 15:1303 C.(3) and 15:1308. In the instant case, there is no doubt that a telephone conversation between the defendant and Ms. Feeback was tape-recorded and intended for use at trial by the authorities. The defendant filed a motion to suppress the taped conversation. The motion alleged that no prior court order was obtained and that neither party to the conversation consented to the tape-recording thereof.
At the hearing on the motion to suppress, there was some confusion on the issue of who had the burden of proof. In his brief to this Court, the defendant contends that, because there are no Louisiana cases dealing with this issue in connection with the Electronic Surveillance Act, and because the Louisiana Electronic Surveillance Act is derived from its federal counterpart *613 (see 18 U.S.C. § 2510 et seq.), we should look to federal jurisprudence to decide the burden of proof issue. The defendant cites United States v. Kolodziej, 706 F.2d 590 (5th Cir.1983), and United States v. Napier, 451 F.2d 552 (5th Cir.1971), for the proposition that the government has the burden of proving voluntary consent to the interception of a communication by one of the parties thereto. The State contends that the burden of proving such a motion is placed on the defendant by the provisions of LSA-C.Cr.P. art. 703 D.[3] The State also cites State v. Hennigan, 404 So.2d 222 (La.1981), for the proposition that the defendant bears the burden of proving that an intercepted communication should be suppressed because one of the parties thereto did not voluntarily consent to such interception. Because we conclude that, regardless of who had the initial burden of proof in the instant situation, the evidence adduced at the motion to suppress hearing was sufficient to establish that Ms. Feeback freely and voluntarily consented to the tape-recording of her telephone conversation with the defendant, we need not and do not decide the burden of proof question presented herein.
Ms. Feeback did not testify at the suppression hearing. The defendant contends that the trial court erred in allowing Trooper LaSalle to give a hearsay answer when questioned about Ms. Feeback's consent to the tape-recording of the conversation. The prosecutor asked: "Did you have her [Ms. Feeback's] permission to make the telephone call?" Trooper LaSalle responded: "Yes, we did." Defense counsel immediately objected that the answer was inadmissible hearsay evidence. After a lengthy argument between the trial court, the prosecutor, and defense counsel, the trial court ruled that the answer was admissible.
Hearsay evidence is evidence of an unsworn, out-of-court statement made by a person other than a testifying witness and offered as proof of the truth of the statement's content. State v. Valentine, 464 So.2d 1091 (La.App. 1st Cir.), writ denied, 468 So.2d 572 (La.1985). In this case, Trooper LaSalle's "yes" answer was not an out-of-court statement made by Ms. Feeback and, therefore, it was not hearsay. See State v. Howard, 448 So.2d 713 (La. App. 1st Cir.), writ denied, 449 So.2d 1355 (La.1984). In any event, even if Trooper LaSalle's "yes" answer was deemed to constitute hearsay evidence, it has been held that application of the rule against hearsay is not required at suppression hearings. See State v. Smith, 392 So.2d 454, 458 n. 6 (La.1980); State v. Brown, 479 So.2d 608 (La.App. 1st Cir.1985).
Nevertheless, Trooper LaSalle's answer that Ms. Feeback had given permission for the tape-recording of the conversation did not establish that her consent to the tape-recording was freely and voluntarily given. However, on cross-examination, defense counsel thoroughly questioned Officer LaSalle on the issue of Ms. Feeback's consent. Defense counsel explored Ms. Feeback's pending charges and the question of whether or not she was a paid State Police informant. Officer LaSalle stated unequivocally that Ms. Feeback's permission to tape-record the telephone conversation was not given as a result of promises, threats, or inducements. Therefore, contrary to the defendant's argument, the evidence adduced at the motion to suppress hearing proved the voluntariness of Ms. Feeback's consent to the tape-recording of this telephone conversation. The trial court correctly denied this motion to suppress.
For the above reasons, this assignment of error is meritless.

PATENT SENTENCING ERROR
As noted above, the defendant received a suspended sentence and was placed on probation. As one of the many special conditions of probation imposed upon the defendant, he was ordered to pay *614 "costs of the investigation." Although the trial court did not state the authority under which it imposed this condition or the agency to which such payment was to be made, presumably this restitution was ordered pursuant to LSA-C.Cr.P. art. 895.1 B(4). However, this statute requires a conviction of a felony involving the distribution of or intent to distribute controlled dangerous substances. While the defendant was originally charged with distribution of dilaudid and possession of dilaudid, he was convicted, pursuant to the plea bargain agreement, of possession of dilaudid and the charge of distribution of dilaudid was nolle prosequied. Therefore, restitution for a law enforcement agency's costs was not authorized in this case. See State v. Labure, 427 So.2d 855 (La.1983).
Additionally, we note that the defendant was ordered to pay a fine of $7500.00. However, the maximum fine which may be imposed for a conviction of possession of dilaudid is $5000.00. See LSA-R.S. 40:967 C.(2).
Accordingly, the defendant's conviction is affirmed. However, the condition of probation requiring the defendant to pay restitution for the "costs of the investigation" is vacated, and the $7500.00 fine is reduced to $5000.00. The defendant's sentence, as amended, is also affirmed.
CONVICTION AFFIRMED. CONDITION OF PROBATION REQUIRING RESTITUTION FOR THE "COSTS OF THE INVESTIGATION" IS VACATED, AND FINE IS REDUCED TO $5000.00. AFFIRM SENTENCE AS AMENDED.
SHORTESS, J., concurs in result but feels the treatment of hearsay is erroneous but harmless.
NOTES
[1] The original charges of distribution of dilaudid and possession of dilaudid were joined in the original bill of information, but the joinder in one bill was improper because they were not triable by the same mode of trial. See LSA-C. Cr.P. art. 493. Distribution of dilaudid, a violation of LSA-R.S. 40:967 A.(1), is punishable by a sentence of imprisonment at hard labor for not more than ten years. See LSA-R.S. 40:967 B.(3). Therefore, this offense should be tried by a jury of twelve. See LSA-C.Cr.P. art. 782. However, possession of dilaudid, a violation of LSA-R.S. 40:967 C., is punishable by imprisonment, with or without hard labor, for not more than five years. See LSA-R.S. 40:967 C.(2). This offense should be tried by a jury of six. See LSA-C.Cr.P. art. 782. However, we note that the defendant did not file a motion to quash the bill of information on the basis of this misjoinder of offenses. Furthermore, because the defendant entered into the instant plea bargain, in which he pled guilty to possession of dilaudid while the remaining charge of distribution of dilaudid was nolle prosequied, this patent error in the bill of information was rendered moot.
[2] A second motion to suppress was filed by the defendant and, after a hearing, was denied by the trial court. However, this second motion to suppress is not addressed in the defendant's brief to this Court and, therefore, is not considered herein.
[3] LSA-C.Cr.P. art. 703 D. reads as follows:

On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant.