573 So.2d 218 (1990)
STATE of Louisiana
v.
C.J. JENKINS.
No. 90-KA-540.
Court of Appeal of Louisiana, Fifth Circuit.
December 12, 1990.
*219 John M. Mamoulides, Dist. Atty., Dorothy Pendergast, Asst. Dist. Atty., 24th Judicial District, Parish of Jefferson, Gretna, for plaintiff-appellee.
*220 Martha E. Sassone, IDB Staff Appellate Counsel, Gretna, for defendant-appellant.
Before CHEHARDY, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
The defendant, C.J. Jenkins, was charged by Bill of Information with possession of dilaudid with intent to distribute, in violation of LSA-R.S. 40:967. He pled not guilty and was tried by a jury and was found guilty of attempted possession of dilaudid with intent to distribute. The district judge sentenced the defendant to twelve (12) years at hard labor and imposed a $5,000 fine with credit for time served. This appeal followed and the appellant alleges five assignments of error:
1. The trial court erred in denying defendant's motion to suppress the evidence.
2. The trial court erred in denying defense counsel's motion for a mistrial and allowing evidence of other crimes to be admitted in violation of the Louisiana Code of Evidence Articles 404 and 1103, and State v. Prieur, 277 So.2d 126 (La.1973).
3. The evidence presented at trial was not sufficient to support the verdict rendered.
The trial court erred in denying the defendant's motion for a new trial.
The trial court erred in denying the defendant's motion for a post judgment verdict of acquittal.
4. The trial court erred in sentencing the defendant to an excessive sentence.
5. Also assigned as error are any and all errors patent on the face of the record.

FACTS
The Jefferson Parish Sheriff's Office Narcotics Division obtained a warrant to search an apartment from which the defendant was believed to be selling dilaudid. Upon entering the apartment Agent William Grieff proceeded to a bedroom where he found the defendant and three other individuals. Agent Grieff observed a pink balloon in the defendant's mouth and also saw him throw a yellow balloon to the floor. The balloons were retrieved and contained what appeared to be dilaudid. Also seized during the search were six syringes, six bags of balloons and $4,165.00 in cash. The defendant was arrested and charged with possession of dilaudid with intent to distribute.

ASSIGNMENT OF ERROR NUMBER ONE
The trial court erred in denying defendant's motion to suppress the evidence.
The defendant attacks the reliability of the information obtained by officers from a confidential informant and then used in the search warrant application.
The defendant alleges that the search warrant in this case was issued on the basis of an affidavit containing uncorroborated information from a confidential informant. However, a review of that affidavit convincingly refutes that allegation. Agent Grieff prepared the application for the search warrant at issue. In his affidavit, Agent Grieff fully set forth the information giving rise to probable cause for the issuance of the search warrant. On separate occasions, two confidential informants advised Agent Grieff that the defendant was conducting narcotics transactions at the address for which the warrant was sought. The affidavit recites that each of these confidential informants had previously provided police authorities with information leading to criminal arrests and convictions. This recitation, standing alone, has been held sufficient to establish the reliability of a confidential informant. State v. Rattler, 532 So.2d 852 (La.App. 4th Cir. 1988). However, the affidavit presented to the district judge further establishes that Agent Grieff conducted surveillance activities which corroborated information he received from the confidential informants. Agent Grieff, himself, observed various individuals engage in what appeared to be narcotics transactions at the apartment sought to be searched. These individuals would arrive at the apartment and then quickly depart after staying there only *221 briefly. Through a computerized trace of the registrations for the vehicles he observed, Agent Grieff learned that several of the individuals had previous narcotics arrests. Agent Grieff also noted in his affidavit that, based on his experience in narcotics investigations, the type of activity he observed at the apartment was consistent with drug trafficking. On December 12, 1987, only three days before the warrant application was made, one of the confidential informants advised Agent Grieff that the defendant had indicated that he planned to obtain a large supply of dilaudid that day. Acting to verify that information, Agent Grieff followed the defendant that day and observed the defendant go through a circuitous chain of activities usually undertaken to disguise drug trafficking from police detection. Considering Agent Grieff's extensive efforts to corroborate the information separately received from the confidential informants, the suspicion raised by this information ripened into a judgment that a crime was probably being committed. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Additionally, an issuing judge's determination of probable cause is entitled to great weight on review. State v. Porter, 547 So.2d 736 (La.App. 3rd Cir.1989).
The affidavit prepared and submitted by Agent Grieff established probable cause for the issuance of the search warrant, and the trial judge therefore properly denied the defendant's motion to suppress. State v. Bourg, 470 So.2d 291 (La.App. 5th Cir. 1985), writ denied, 475 So.2d 354 (La. 1985).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
The trial court erred in denying defense counsel's motion for a mistrial and allowing evidence of other crimes to be admitted in violation of the Louisiana Code of Evidence Articles 404 and 1103, and State v. Prieur, 277 So.2d 126 (La.1973).
The defendant argues before this court, as he did below, that Agent Grieff's testimony regarding information about the defendant packaging and keeping dilaudid tablets violated L.C.E. art. 404 B(1), which provides:
Except as provided to Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
In State v. Prieur, 277 So.2d 126 (La.1973), the Louisiana Supreme Court announced safeguards applicable when the state intends to offer other crimes evidence against the defendant in a criminal trial. The defendant in this case correctly points out that the enactment of the Louisiana Code of Evidence neither overruled Prieur nor modified its safeguards. See L.C.E. art. 1103. Nevertheless, the defendant has not established that the challenged testimony constitutes other crimes evidence subject to the Prieur safeguards.
L.C.E. art. 404 B(1) is closely patterned after Article 404(b) of the Federal Rules of Evidence. However, as pointed out by Comment (m) to L.C.E. art. 404 B, "The phrase, `or when it relates to conduct which constitutes an integral part of the act or transaction that is the subject of the present proceeding' has been added to the matters listed in Federal Rule of Evidence 404(b) as a substitute for the ambiguous phrase `res gestae' used in former R.S. 15:447-448."
Agent Grieff testified that, when he entered the bedroom, he saw a pink balloon in the defendant's mouth. He then began to state that he was aware that the defendant packaged and stored dilaudid in balloons, but the defense objected. The purpose of this testimony was to lay a foundation to explain Agent Grieff's subsequent actions to retrieve the balloons from the defendant. The challenged testimony therefore related to conduct which constituted an integral part of the narcotics activity *222 for which the defendant was standing trial. The testimony of Sgt. John Devlin further corroborated the integral nature of the defendant's conduct to the offense for which he was then standing trial. Sgt. Devlin, accepted by the trial court as an expert in street practices commonly used to package narcotics, testified that dilaudid is usually packaged by traffickers in balloons. The challenged testimony did not amount to other crimes evidence. Thus, Prieur and its safeguards are not applicable. Rather, Agent Grieff's testimony related the officer's observations of the defendant's alleged offense. L.C.E. art. 404(B)(1). Therefore, the trial judge properly overruled the defendant's objection to Agent Grieff's testimony and correctly denied the defense motion for a mistrial.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE
The evidence presented at trial was not sufficient to support the verdict rendered.
The trial court erred in denying the defendant's motion for a new trial.
The trial court erred in denying the defendant's motion for a post judgment verdict of acquittal.
The defendant next argues that the evidence presented at trial was legally insufficient to support his conviction.
In order to convict the defendant, the state had to prove that the defendant took actions for the purpose of and tending directly toward the possession of dilaudid with the intent to distribute it. These actions must have been taken by the defendant with the specific intent to commit the offense of possession with intent to distribute. LSA-R.S. 14:27, 40:967.
The evidence presented by the state at trial was legally sufficient to support the defendant's conviction. Agent Grieff testified that, when he entered the bedroom of the apartment being searched, the defendant had a pink balloon in his mouth. Upon seeing the officer, the defendant threw a yellow balloon to the floor. Agent Grieff retrieved the balloons and discovered that they contained a total of 49 tablets, which appeared to be dilaudid. Laboratory analysis confirmed that the tablets were dilaudid. Although the defendant alleged that he neither brought the illegal drugs to the apartment nor had them in his possession, the jury apparently rejected those allegations. When the jury accepted Agent Grieff's testimony over the defendant's version of the incident, the standard for sufficiency of the evidence was satisfied. State v. Ortiz, 520 So.2d 1200 (La.App. 5th Cir.1988).
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER FOUR
The trial court erred in sentencing the defendant to an excessive sentence.
At the sentencing in this case, the trial judge stated that he formulated the defendant's sentence after carefully considering the court-ordered pre-sentence investigation report and the sentencing guidelines of La.C.Cr.P. art. 894.1. He specifically referred to the defendant's apparent need for correctional treatment in a custodial environment because probationary measures had failed to alter the defendant's history of drug offenses. The trial judge also noted the lack of any mitigating circumstances under the suggested guidelines of La.C.Cr.P. art. 894.1. On the conviction for attempted possession of dilaudid with intent to distribute, the court sentenced the defendant to serve 12 years at hard labor, with credit for time served, and imposed a $5,000 fine.
The prison term imposed on the defendant is illegally excessive. The maximum prison sentence for attempted possession of dilaudid with intent to distribute is 5 years. LSA-R.S. 40:967 B(4), 14:27. The trial judge, apparently believing that dilaudid was classified as a narcotic drug, mistakenly referred to LSA-R.S. 40:967 B(1) in formulating the length of the defendant's prison sentence. However, dilaudid is not classified as a narcotic drug under Schedule II of LSA-R.S. 40:964. The sentencing provisions of LSA-R.S. 40:967 B(4) therefore apply in this case, together with the attempted offense sentencing provisions *223 found in LSA-R.S. 14:27 D(3). The state concedes this sentencing error on appeal. The defendant's sentence is illegal and subject to correction at any time. La.C.Cr.P. art. 882; State v. Bates, 462 So.2d 158 (La.1985). An appellate court is authorized to correct an illegal sentence when the exercise of sentencing discretion is not involved. State v. Fraser, 484 So.2d 122 (La.1986). Because the correction of this error necessarily involves sentencing discretion, we remand for re-sentencing.
While the fine imposed on the defendant is within the allowable range for this offense, the excessive prison term and the fine comprise a single sentence. La.C. Cr.P. art. 871. When a sentence is found to be illegal, the entire sentence is vacated and the matter is remanded for re-sentencing. State v. Jenkins, 451 So.2d 1142 (La. App. 3rd Cir.1984), appeal after remand, 468 So.2d 690, 691 (La.App. 3rd Cir.1985).

ASSIGNMENT OF ERROR NUMBER FIVE
Also assigned as error are any and all errors patent on the face of the record.
An examination of the record in this case discloses no patent errors other than the sentencing error previously discussed.
This assignment of error lacks merit.

DECREE
The conviction of the defendant is affirmed, the sentence is vacated and the matter is remanded for re-sentencing.
CONVICTION AFFIRMED, SENTENCE VACATED, REMANDED FOR RESENTENCING.