596 So.2d 193 (1992)
STATE ex rel. David A. MARKS
v.
The Hon. E. Woody THOMPSON, Judge Fourteenth Judicial District Court Parish of Calcasieu.
No. 92-KH-0367.
Supreme Court of Louisiana.
March 26, 1992.
*194 PER CURIAM:
Relator filed for post conviction relief in the Fourteenth Judicial District on grounds that his sentence of seventeen and one-half (17 ½) years' imprisonment at hard labor for the crime of distributing Dilaudid (Hydromorphone) in violation of La.R.S. 40:967(A)(1) is illegal. Relying on the decision in State v. Jenkins, 573 So.2d 218 (La.App. 5th Cir.1990), and dicta in State v. Cutrera, 558 So.2d 611, n. 1 (La.App. 1st Cir.1990), he argued that Dilaudid is a non-narcotic drug for purposes of sentencing under La.R.S. 40:967(B) and that he therefore should have received a term of imprisonment no greater than ten years at hard labor. The district court denied relief and the Third Circuit affirmed, 591 So.2d 356, expressly disagreeing with the First and Fifth Circuits on this point. We granted relator's application to resolve the conflict in the circuits and affirm.
La.R.S. 40:964 Schedule II(A)(1)(1) lists Dilaudid according to its pharmacological properties as a derivative of opium, along with other derivatives such as codeine and morphine. Dilaudid is therefore a narcotic drug within the definition provided by La.R.S. 40:961(23), which encompasses opium, coca leaves, and opiates, and their derivatives. Relator thus faced a penalty range of five to thirty years' imprisonment at hard labor and his sentence is not illegal. La.R.S. 40:967(B)(1). State v. Jenkins, 573 So.2d 218 (La.App. 5th Cir. 1990), is overruled in this regard and the discussion in Cutrera treating distribution of Dilaudid as a ten-year felony offense is disapproved as an incorrect statement of law.
JUDGMENT AFFIRMED.