677 So.2d 500 (1996)
STATE of Louisiana, Appellee,
v.
Larry COLLINS, Defendant-Appellant.
No. CR95-1503.
Court of Appeal of Louisiana, Third Circuit.
May 8, 1996.
*502 Bernard E. Boudreaux, Jr., Dist. Atty., Robert C. Vines, Asst. Dist. Atty., for State of Louisiana.
Gary Legros, Franklin, Larry Collins, for Larry Collins.
Before SAUNDERS, AMY and GREMILLION, JJ.
AMY, Judge.
This appeal arises from a case in which defendant, Larry Collins, pled guilty to possession of cocaine with the intent to distribute and was sentenced to sixteen (16) years at hard labor. For the following reasons, we affirm defendant's sentence.

DISCUSSION OF THE RECORD
On February 14, 1995, the police received a call informing them that defendant had abducted Lisa Willis from her home and brought her to Mike's Inn in New Iberia, Louisiana. When police located defendant, he was traveling on a bicycle. Defendant then forced his way into the home of Mrs. Ida Fletcher. At that point, the police entered the home and found defendant with *503 four packages of powder cocaine and one rock of crack cocaine. The police also found approximately $700.00 in United States currency.
Defendant was charged by bill of information with: (1) count onepossession of cocaine with the intent to distribute, in violation of La.R.S. 40:967(A); (2) count twopossession of marijuana with the intent to distribute, in violation of La.R.S. 40:966(A); (3) count threeunauthorized entry of a dwelling, in violation of La.R.S. 14:62.3; (4) count foursimple kidnapping, in violation of La.R.S. 14:45; and (5) count fivesimple battery, in violation of La.R.S. 14:35.
On April 11, 1995, defendant appeared in court, waived presence of counsel and informed the court that he would represent himself until William R. Collins could be appointed as counsel. He then waived formal arraignment and entered pleas of not guilty.
On June 21, 1995, defendant, in accordance with a plea agreement with the State, withdrew his former pleas of not guilty and entered a plea of guilty to the charge of possession of cocaine with the intent to distribute (count one of the bill of information). On motion of the State, the trial court then ordered all other counts dismissed.
On August 29, 1995, defendant was sentenced to sixteen (16) years at hard labor. At the conclusion of the sentencing, defense counsel made an oral motion to reconsider the sentence and also gave oral notice of an intent to appeal. Defendant's oral motion to reconsider the sentence asserted that the trial court had not considered the appropriate sentencing grid. This motion was denied by the trial court.
Defendant appeals. On appeal, defense counsel assigns one assignment of error, namely that the sentence imposed by the trial judge is constitutionally excessive. Defendant has assigned the following four pro-se assignments of error: (1) ineffective assistance of counsel on appeal; (2) insufficient evidence to support a guilty plea to possession of cocaine with the intent to distribute; (3) constitutionally excessive sentence; and (4) breach of the plea bargain agreement.

ANALYSIS

ERRORS PATENT
La.Code Crim.P. art. 920 provides the scope of review on appeal, as follows:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with this article, all appeals are reviewed for errors patent on the face of the record.
After a review of the record, we find two errors patent. The first involves whether defendant was given credit for time served. La.Code Crim.P. art. 880 provides that when a sentence is imposed, the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates that the trial court did not do so. Therefore, we amend the sentence to reflect that the defendant is given credit for time served prior to the execution of his sentence. See La.Code Crim.P. art. 882(A). Resentencing is not required; instead, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94); 640 So.2d 561, writ denied, 94-1455 (La. 3/30/95); 651 So.2d 858.
The second error patent involves whether there was a misjoinder of offenses in the bill of information. The bill of information charged defendant with five separate counts: (1) count onepossession of cocaine with the intent to distribute; (2) count two possession of marijuana with the intent to distribute; (3) count threeunauthorized entry of a dwelling; (4) count foursimple kidnapping; and (5) count fivesimple battery.
La.Code Crim.P. art. 493 provides for the joinder of offenses in a single bill of *504 information under limited circumstances. However, in any event, the "offenses joined must be triable by the same mode of trial." Counts one and two appearing in defendant's bill of information are triable by a jury composed of twelve jurors, ten of whom must concur to render a verdict. La.Code Crim.P. art. 782. Counts three and four are triable by a six person jury, all of whom must concur. Id. Count five is a misdemeanor triable by a judge without a jury. La.Code Crim.P. art. 779. Therefore, the charges were improperly joined. However, this assignment was rendered moot since defendant entered into a plea bargain resulting in counts two through five being dismissed. State v. Cutrera, 558 So.2d 611, n. 1 (La.App. 1 Cir.1990). Additionally, we note that defendant did not file a motion to quash the indictment on the basis of misjoinder of offenses, as required by statute. La.Code Crim.P. art. 495.

PRO-SE ASSIGNMENTS OF ERROR
First, defendant asserts that he received ineffective assistance of counsel on appeal. This assertion is properly raised in an application for post-conviction relief, rather than in an appeal. State v. Burkhalter, 428 So.2d 449 (La.1983). This enables the district court judge to order a full evidentiary hearing on the matter. State v. Seiss, 428 So.2d 444 (La.1983). However, where the record contains evidence sufficient to decide the issue, and the issue is raised on appeal by an assignment of error, it should be considered. Id. We conclude that the record is sufficient to decide the issue and do so accordingly.
The right of a defendant in a criminal proceeding to the effective assistance of counsel is constitutionally mandated by the Sixth Amendment to the United States Constitution. In order to establish a claim for ineffective assistance of counsel, a defendant must meet the two-pronged test enunciated by the United States Supreme Court. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Brooks, 505 So.2d 714 (La.1987), cert. denied, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987). First, the defendant must show that his counsel's performance was deficient. Id. Counsel's performance is deficient if it fails to meet the level of competency normally demanded of attorneys in criminal cases. State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Fickes, 497 So.2d 392 (La.App. 3 Cir.1986), writ denied, 515 So.2d 1105 (La.1987). In considering allegations of ineffectiveness, defense attorneys are entitled to a strong presumption that their conduct fell within the broad range of reasonable professional assistance. The United States Supreme Court has held that the benchmark for judging a charge of ineffectiveness is whether the attorney's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be considered to have produced a just result. Strickland, 466 U.S. 668, 104 S.Ct. 2052.
A brief review of defendant's complaint with regard to his counsel's performance will demonstrate the deficiency of his argument. Defendant argues, in brief, that his counsel's appellate brief did not comply with the requirements set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because it did not attempt to argue any appealable error that may have occurred during the sentencing hearing held on August 29, 1995. However, we conclude that the requirements of Anders are inapplicable to this case.
Anders requires that defense counsel file a brief "referring to anything in the record that might arguably support the appeal." Id. at 744, 87 S.Ct. at 1400. However, this type of brief is required only when counsel "finds his case to be wholly frivolous, after a conscientious examination of it," and advises the court of such and requests permission to withdraw as counsel. Id. at 743-45, 87 S.Ct. at 1400. In this case, defense counsel has not asserted that there are no non-frivolous assignments of error, but rather, he has assigned an error alleged to have occurred during sentencing. As such, he is not required to follow the procedures enunciated in Anders. Therefore, defendant has not met the first prong of the test for ineffective assistance of counsel, namely that counsel's performance was deficient. Since a *505 claim for ineffective assistance of counsel may be disposed of based upon a failure to satisfy either criteria of the two pronged test, we conclude that this assignment lacks merit. See State v. James, 555 So.2d 519 (La.App. 4 Cir.1989), writ denied, 559 So.2d 1374 (La. 1990).
Although we are not required to address the second prong of the test for ineffective assistance of counsel, namely that the attorney's deficiency prejudiced the outcome of the trial, we feel it is important to note that defendant failed to couple his allegation with a specific showing of prejudice as required in State v. Brogan, 453 So.2d 325 (La.App. 3 Cir.), writ denied, 457 So.2d 1200 (La.1984). Such failure would also be sufficient to render this assignment without merit.
In defendant's second pro-se assignment of error, he asserts that there was insufficient evidence to support his guilty plea of possession of cocaine with the intent to distribute. Defendant contends in his pro-se brief that the trial court erred by accepting his guilty plea to possession of cocaine with the intent to distribute, because the state failed to present a factual basis to substantiate that he intended to distribute cocaine. Defendant relies mainly on North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) and State v. Powell, 584 So.2d 1252 (La.App. 2 Cir.1991), in support of this assigned error.
In State v. Linear, 600 So.2d 113, 115 (La.App. 2 Cir.1992), the court explained:
When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a significant factual basis for the defendant's plea. Alford, supra; Banks v. McGougan, 717 F.2d 186 (5th Cir.1983); Willett v. Georgia, 608 F.2d 538 (5th Cir.1979); State v. Powell, 584 So.2d 1252 (La.App.2d Cir.1991).
An express admission of guilt is not a constitutional requirement for the imposition of a criminal penalty. State v. McCarty, 499 So.2d 292 (La.App. 1st Cir.1986), writ denied, 505 So.2d 56 (La.1987); State v. Miller, 537 So.2d 310 (La.App. 1st Cir. 1988). The fact that a defendant believes that he is innocent, and makes such belief known to the court, does not preclude him from entering a guilty plea. Alford, supra; McCarty, supra; Miller, supra. The presence of significant evidence of actual guilt provides a means by which the court may test whether a plea was intelligently entered. McCarty, supra; State v. Pitre, 506 So.2d 930 (La.App. 1st Cir.1987), writ denied, 508 So.2d 87 (La.1987). However, it should be noted that a defendant has no absolute right to have his guilty plea accepted by the trial court. Miller, supra.

In State v. McCullough, 615 So.2d 26, 28 (La.App. 3 Cir.1993), this court, citing State v. Perry, 515 So.2d 654 (La.App. 3 Cir.1987), stated, "the absence of a factual basis when entering a guilty plea does not render the plea constitutionally infirm, if the plea is determined to be made knowingly and intelligently."
In the case sub judice, the defendant entered a guilty plea, not a plea of no contest. At the hearing, defendant addressed the court requesting that he be allowed to plead guilty to possession of cocaine with the intent to distribute. The District Attorney and defendant discussed what an open plea was and defendant said he would accept an open plea. The trial court then Boykinized defendant, informing him of his rights and of the possible penalty. Defendant entered his plea of guilty to the charge of possession of cocaine with the intent to distribute. The State then recited the following factual basis:
BY MR. HANEY:
Your Honor, I'd like to make some offerings in conjunction with my factual basis, which include the New Iberia Police Department report, a statement written by Sharlisa Willis, Swana Alexis and Ebonie Dauphiney which is part of this case. I'd like to make it part of the factual basis and I will recite what I need. I'd like to mark this as State's Exhibit One.
Your Honor, the State would show, on February the 14th, 1995, the police received *506 a phone call from a friend of Lisa Willis. Swana Alexis and Ebonie Dauphiney, your Honor, were at Ms. Alexis' house along with Lisa Willis. Mr. Collins came to Ms. Alexis' house at 323 North Street, knocked on the door, he was admitted in. Mr. Collins wanted to speak to Ms. Willis. He then forced his way into the bathroom where he forcibly removed Ms. Willis from the bathroom, physically removing her from outside the premises of that particular location, and then removed her against her will to the place called Mike's Inn, or hotel, in New Iberia. As a result of that, the police were notified that Mr. Collins had forcibly removed Ms. Willis and they began trying to locate Mr. Collins. They located Mr. Collins on a bicycle where he forced his way into the home of Mrs. Ida Fletcher. They then entered the home and found Mr. Collins inside the residence. As a result of his apprehension, they located four packages of powder cocaine and one rock of crack cocaine. The State alleges and believes it can prove that Mr. Collins was in possession of those drugs with the intent to distribute it. They also located approximately seven hundred dollars in United States currency which we allege we could prove was the result of sales of cocaine on the part of Mr. Collins.
After the State recited the factual basis, the following colloquy took place:
BY THE COURT:
Mr. Collins, that's what the State says it can prove in this matter. I want to ask you if it is substantially correct?
BY MR. LEGROS:
Judge, Mr. Collins has basically told me that he doesn't wish to comment on the events giving rise to the actual arrest, but he will admit that about the quantity of cocaine found at the time of the arrest.
BY THE COURT:
Basically, this offense is possession of cocaine with intent to distribute it, so Mr. Collins, you will admit that you were in possession of the cocaine and the money?
A: Yes.
BY THE COURT:
The State says it can prove all these other matters, but these are the essential matters which are needed for this offense.
BY MR. LEGROS:
Judge, I think the point I'm trying to make is that he has admitted to that, but as far as the other matters, the tangential matters leading up to this is not really germaine [sic] to this. In fact, those charges are going to be dropped. Given that, I think my client doesn't want to admit to those. He admits to the cocaine which I think is enough. In light of the State's exhibits placed in the file, I think that forms a factual basis for the plea.
BY MR. HANEY:
Your Honor, just for the record, I have these witnesses here. They've been here for two days. I'm trying to avoid having to have them come back and disrupt their lives again in August, and that's the reason why I put the factual scenario in there.
BY THE COURT:
Let's put first things first. We need today the facts of the offense to which he's pleading guilty.
BY MR. HANEY:
That's what led to his arrest.
BY THE COURT:
Which, as I understand, was to be stipulated to at the trial.
BY MR. LEGROS:
That's right. We agreed to stipulate to that earlier.
BY THE COURT:
Right. But he has admitted to the possession of cocaine with intent to distribute it. I'll take that as sufficient.
BY MR. HANEY:
Your Honor, as long as we can have the stipulation we had initially, that's fine with me. I thought there wasn't going to be a problem with it since it was going to be a stipulation. As long as that's in the record, I have no objection.
BY THE COURT:
There was to be a stipulation to the surrounding circumstances.
BY MR. LEGROS:

*507 That's correct. I didn't want the jury to hear all of that, and we so moved to stipulate, your Honor.
BY THE COURT:
I find there is sufficient evidence on which to base a plea of guilty to this charge and I accept the guilty plea and find that it is freely and voluntarily made.
Based upon the foregoing, we conclude that the trial judge properly inquired into and investigated the factual basis for the guilty plea in light of defendant's decision to forego trial. The facts provided on the record are sufficient for the trial court to have determined the defendant was indeed guilty of possession of cocaine with the intent to distribute and the record supports the trial court's finding that the plea was intelligently entered. Accordingly, we find this assignment of error lacks merit.
In his fourth pro-se assignment of error, defendant argues there was a breach of the plea bargain agreement. More specifically, defendant contends the trial court's use of information concerning his past criminal behavior in imposing the sentence violated the "spirit" of the plea bargain agreement. Although defendant did not address this issue at the trial court level, we will address it.
At the opening of the hearing, defendant informed the trial judge that he wished to plead guilty. The State introduced the agreement that had been reached between it and defendant.
BY MR. HANEY:
Mr. Collins discussed with me what an open plea was. I explained to him that the potential penalty for possession of cocaine with the intent to distribute was not less than five years nor more than thirty years. That is subject to probation and suspension of sentence if he meets the appropriate requirements depending on his prior and previous history. I told him that the Court would ask for a pre-sentence investigation which would allow the Court to determine all the information Mr. Collins felt like was appropriate for the Court to know and what the Court felt like it was appropriate to know. He would be allowed to give names of persons that may want to speak on his behalf. The State would be allowed to do the same thing, provide information for the pre-sentence investigation.
In addition to that, your Honor, I indicated to him that the State would request a sentencing hearing in this case so that Mr. Collins would be allowed to present witnesses if he felt it was necessary to present information helpful to the Court that may not be in the presentence, or to clarify it; the State would be allowed to do the same thing. I indicated to him that that would result in the Court finding out all the good things about him and all the bad things about him, including the information about all the other charges that might be pending against him now. Although those would be dismissed by the District Attorney's Office, that information could be considered by the Court in a sentencing hearing. I told him that I would dismiss the other charges and agree not to multiple bill him, but that the information about his criminal activities would be available to be used at a sentencing hearing. Mr. Collins indicated that he understood that, and he understood that the Court would be the one to determine what the sentence would be and we could only make recommendations at the time that the sentencing takes place. With that, he said he understood it. He said he would accept the open plea. He wanted to talk with his mother to explain to her what an open plea meant. We walked outside and walked back in the courtroom. Mr. Collins then spoke with his mother, and we're now at this point, your Honor.
Defendant noted that the State gave an accurate description of the agreement. The trial judge reiterated her understanding of the agreement.
BY THE COURT:
Then the plea agreement is that in return for a plea of guilty to this charge, which is possession of cocaine with intent to distribute it, the State has agreed to dismiss the other charges against you, and that there would be no multiple bills. So there will be this charge alone. There will be a date set for a sentencing hearing, at *508 which time you may bring any information before me, the State may bring any information before me, and the Department of Probation and Parole will have given me a pre-sentence investigation report which they do about you. I will consider all these, at that time hear all the evidence that somebody might want to give me, and sentence you at that time....
Afterwards, the trial judge noted she would accept defendant's plea if she was satisfied that defendant understood the rights he was giving up by pleading guilty. A review of the transcript of the guilty plea reveals that the trial judge carefully Boykinized defendant to make sure that he was voluntarily entering a plea of guilty and informed him of the possible penalties. The trial judge asked defendant how he wished to plead, to which defendant responded guilty. The State gave a factual basis for the plea and defendant admitted to the possession of cocaine with the intent to distribute but did not admit to the other charges noted by the State in its factual basis, which gave rise to defendant's arrest for possession of cocaine with the intent to distribute, and they were dismissed. The trial judge then accepted defendant's plea of guilty.
Based upon the foregoing, we conclude that there was nothing in the agreement which would prohibit the trial judge from considering defendant's criminal history at sentencing. In fact, as noted above in the agreement, defendant understood that a presentence investigation report would be ordered and that he and the State could provide information for the presentence investigation. Defendant also understood the trial judge would be able to consider the information contained in the report as well as all things good and bad about defendant including the information concerning the pending charges which were dismissed as part of the agreement. Defendant further indicated he would accept an open plea.
The evidence presented clearly establishes no plea bargain agreement by which defendant's criminal history would not be considered by the trial judge when imposing the sentence and therefore, there was no breach of this agreement when the trial judge considered defendant's criminal history. This pro-se assignment of error is without merit.

DEFENSE COUNSEL'S ASSIGNMENT OF ERROR AND PRO-SE ASSIGNMENT OF ERROR NO. 3
By defense counsel's assigned error, he argues the sentence is excessive because the trial court did not consider the sentencing guideline grid. He also contends the sentence is unconstitutionally cruel. By defendant's third pro-se assignment of error, he argues the sentence was excessive. Defendant also contends in his brief that since the guidelines were in effect at the time he committed the offense they still apply to him.
Defendant was sentenced on August 29, 1995. The Louisiana Sentencing Guidelines were repealed by Act No. 942, Sec. 3, of the 1995 Legislative Session. The repeal became effective August 15, 1995. New requirements for sentencing were added in La. Code Crim.P. art. 894.1. Since Article 894.1 is procedural in nature and not substantive, the law in effect at the time of sentencing, rather than the law in effect at the time the offense was committed, applies. Thus, since the Louisiana Sentencing Guidelines no longer apply, we conclude both defense counsel's and defendant's contentions regarding the application of the guidelines lacks merit and this court need only review the sentence for constitutional excessiveness.
Additionally, in defendant's oral motion to reconsider sentence, the only claim raised was that the trial court erred by not considering the guideline grid, there were no other specific grounds for the trial court to consider. Thus, finding defense counsel's claim and defendant's pro-se claim regarding the Louisiana Sentencing Guidelines to be moot, as well as defendant's claim regarding mitigating factors to not be properly before this court, according to State v. Mims, 619 So.2d 1059 (La.1993), appeal after remand, 626 So.2d 856 (La.App. 2 Cir.1993), defendant's appeal is limited to a review of his claim of excessiveness.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may *509 nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within the statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
In imposing the sentence the trial court gave the following reasons:
BY THE COURT:
Mr. Collins, please stand with Mr. Le-Gros.
In introducing this matter, I recited the charge and the number and the plea date, and informed you that I had received a pre-sentence investigation report which I made available to your attorney and he made it available to you. That pre-sentence investigation report does have in it some of the facts of your past. In addition to that, I have received letters about your past.
Basically, what the report is telling me is that you are a second felony offender because you have this prior conviction for aggravated battery on April 24th, 1992, and you also have other charges that are misdemeanors. These misdemeanors, however, are all offenses involving violent acts: a simple battery in 1986, an aggravated assault in 1993, and disturbing the peace by fighting on April 5th of 1995. In addition to that, we have heard today other testimony about charges that were dismissed, charges involving allegations of possession of a firearm and batteries, fighting, once more violence again. And, of course, the possession of a firearm concerns me a great deal.
The mitigation that is presented to me is that you had a serious offense against you as a child for which you did not get any treatment which caused a mental condition that has led to your behavior. Accepting all of that does not persuade me that all this should be taken lightly, however, because if this condition caused you to be violent, society is entitled to protection from this violence and you're not entitled to be in society.
In addition to that, in mitigation you say you want another opportunity to be a role model to your family. You have had a long history now with the criminal justice system in which you have been given many opportunities, many warnings. You have been on probation, et cetera, and have not taken that, or perhaps been unable to take that advice and turn it into a peaceful life. The testimony I have is someone who is not a peaceful person and apparently cannot be.
The grid for this offense is, as Mr. LeGros points out, repealed. No longer am I bound by the range of sentencing that is in the old guidelines; however, I am still bound by the mitigating and aggravating circumstances that were listed in that prior law and are still in existence today. I am to consider circumstances in mitigation and circumstances in aggravation when I impose a sentence.
The offense with which you are charged today is possession of cocaine with intent to distribute it, bearing a possible sentence of five to thirty years. I do not believe that the maximum sentence is appropriate in this case because that sentence, I feel, should be reserved for people who are major dealers or who have major amounts of drugs. However, I do not believe that the minimum sentence is appropriate either because all of the circumstances of your life indicate to me that you are not a peaceful person who can take a small amount of punishment and turn your life around. I don't know what the problem is, but society, as I say, is entitled to be protected from this. I have considered this. I want you to know that it is with no pleasure that I send anyone to prison. It *510 is very hard to do this because it is not a solution to any of our problems. However, it is my duty to apply the law as best I can and to impose a sentence taking into account all of these factors in mitigation and aggravation.
Defendant contends in his brief that the trial court relied too much on his "prior activity" not "germane" to the instant offense rather than his actions in the instant offense. He also contends the trial court relied on materially inaccurate information. We note that the majority of cases cited by defendant in his argument of excessiveness, counter defendant's claim. They recognize that a trial court can consider a defendant's background which includes prior criminal activity. We also note defendant did not specifically present to this court what materially inaccurate information the trial court relied on. Thus, this contention lacks merit. See State v. Myles, 94-0217 (La. 6/3/94); 638 So.2d 218.
La.R.S. 40:967B provides, in pertinent part, that whoever possesses with an intent to distribute a controlled dangerous substance classified in schedule II shall be imprisoned at hard labor for not less than five years nor more than thirty years; and may in addition, be sentenced to pay a fine of not more than fifty thousand dollars.
In the present case, defendant was sentenced to sixteen (16) years at hard labor. The trial court stated defendant was a second felony offender, having previously been convicted of aggravated battery. The trial court noted defendant's three misdemeanor convictions involved violent acts. The trial court also mentioned the testimony concerning charges that were dismissed and that those charges involved allegations of possession of a firearm. It was the possession of the firearm that concerned the trial court. Mr. Kenneth Francis' testimony concerned defendant's misdemeanor conviction for disturbing the peace by fighting. The trial court stated that society was entitled to protection from defendant's violence.
The trial court also considered mitigating factors. The trial court considered defendant's mental condition leading to his behavior which was caused by an offense committed against defendant as a child. The trial court also considered defendant's wanting another opportunity to be a role model to his family; however, the trial court noted defendant had a long history with the criminal justice system in which he was given many opportunities and many warnings. The trial court further noted the guidelines were repealed and that it was not bound by them, but that it was still bound by the mitigating and aggravating circumstances.
Although the trial court did not inform defendant of any of the provisions under La.Code Crim.P. art 894.1D, as amended, the sentence should not be declared unlawful or inadequate for such failure to comply with paragraph D. See La.Code Crim.P. art. 894.1F, as amended. The trial judge stated for the record the considerations taken into account and the factual basis for imposition of the sentence. Therefore, we conclude that the trial judge did not abuse her discretion in imposing the sentence of sixteen (16) years at hard labor. The sentence is commensurate with, rather than grossly disproportionate to, the severity of defendant's offense. The sentence is adequately particularized to this particular defendant in light of his particular crime. The penalty does not shock our sense of justice. The sentence makes a measurable contribution to acceptable penal goals and is not a needless imposition of pain and suffering; and the sentence is not "cruel, excessive, or unusual punishment." Thus, defense counsel's assigned error and defendant's third pro-se assignment of error are without merit.

DECREE
For the foregoing reasons, defendant's sentence is affirmed. However, we remand the case with instructions to the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.