NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-1423

STATE OF LOUISIANA

VERSUS

WINDA DARNELL WILTURNER

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT,
PARISH OF RAPIDES, NO. 296,709
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and J. David Painter, Judges.

CONVICTIONS AND SENTENCES AFFIRMED;
MOTION TO WITHDRAW GRANTED.

Hon. James A. Downs, District Attorney
Ninth Judicial District
701 Murray Street
Alexandria, LA 71301
Counsel for Appellee:
    State of Louisiana

Carey J. Ellis, III
Louisiana Appellate Project
707 Julia Street
Rayville, LA 71269
Counsel for Defendant/Appellant:
    Winda Darnell Wilturner

**PAINTER, Judge.**

Defendant, Winda Darnell Wilturner, appeals the sentences imposed following his pleas of guilty to the charges of possession with intent to distribute cocaine and possession of methadone. For the following reasons, we affirm Defendant's convictions and sentences and grant appellate counsel's motion to withdraw.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 30, 2009, Defendant was charged by bill of information with possession with intent to distribute cocaine and possession of methadone, both violations of La.R.S. 40:967. Defendant entered guilty pleas to the charges in exchange for sentences of fifteen years at hard labor for possession with intent to distribute and five years at hard labor for possession of methadone, with the sentences to run concurrently to each other and to any other sentence Defendant was then serving. Additionally, the State agreed to not file a habitual offender bill. At the guilty plea proceeding, a factual basis for the plea was not set forth by the State.[1] The bill of information indicated that on or about February 13, 2009, Defendant knowingly and intentionally possessed cocaine with the intent to distribute and intentionally possessed methadone. The trial court sentenced Defendant in accordance with the plea agreement.

Defendant, *pro se*, filed a "Motion for Appeal" which was granted.[2] Appointed appellate counsel filed an *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) brief in this matter. No brief was filed on behalf of Defendant.

---

[1]In *State v. Collins*, 95-1503, p. 7 (La.App. 3 Cir. 5/8/96), 677 So.2d 500, 505, *writ denied*, 96-1794 (La. 8/27/97), 699 So.2d 45, this court, citing *State v. Linear*, 600 So.2d 113, 115 (La.App. 2 Cir. 1992), stated: "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry." In this case, Defendant entered an uncontested plea, thus, the State was not required to set forth a factual basis to support the plea.

[2]The "Plea of Guilty and Waiver of Rights" form, signed by Defendant, included the following paragraph: "In exchange to the above charge and sentence bargained for, I understand this matter will be finalized and waive all rights to file any post trial motions including but not limited to an appeal of my conviction and sentence. . . ." Since the trial court granted Defendant's appeal, and the State has not objected, the validity and/or applicability of this waiver has not been addressed.

1

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent but that this error patent is harmless and/or waived.

The bill of information erroneously cited La.R.S. 40:967 "A1G" for possession with the intent to distribute cocaine. The correct citation for that offense is La.R.S. 40:967(A)(1). Subsection (G) of La.R.S. 40:967 provides special restrictions for those persons to whom subsection (F) applies. However, subsection (F) is not applicable to the present Defendant, thus, subsection (G) is likewise inapplicable. The erroneous citation of a statute, in the charging instrument, is harmless error as long as the error did not mislead the defendant to his prejudice. La.Code Crim.P. art. 464. After reviewing the face of the record, we find that Defendant does not allege any prejudice because of the erroneous citation mentioned above. Additionally, by entering an unqualified guilty plea, Defendant waived review of the pre-plea non-jurisdictional defect. *State v. Crosby*, 338 So.2d 584 (La.1976). Thus, the citation error is harmless and/or waived.

*Anders Review*

Pursuant to *Anders*, 386 U.S. 738, 87 S.Ct. 1396, Defendant's appellate counsel filed a brief stating that: "After a thorough review of all the pleadings filed in the District Court, the court proceedings, the bill of information . . . and all transcript contained in the record, no non-frivolous issues can be advanced by appellate review."

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of

the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Pursuant to the *Anders* analysis enunciated in *Benjamin*, this court has performed a thorough review of the record, including pleadings, minute entries, the bill of information, and the transcript. This review indicates that Defendant was properly charged by bill of information, that he was present and represented by counsel at all stages of the proceedings, and that he entered free and voluntary guilty pleas after being advised of his rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709 (1969). Furthermore, the sentences imposed were legal.

Since our review of the record has not revealed any issues which would support an assignment of error on appeal, appellate counsel's motion to withdraw is granted.

**DECREE**

For all of the foregoing reasons, Defendant's convictions and sentences are affirmed. Appellate counsel's motion to withdraw is hereby granted.

**CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.

KA 09-1423

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA
    Plaintiff-Appellee

VERSUS

WINDA DARNELL WILTURNER
    Defendant-Appellant

On Appeal from the Ninth Judicial District Court, Docket Number 296,709, Parish of Rapides, State of Louisiana, Honorable John C. Davidson, Judge.

## **O R D E R**

    After consideration of appellate counsel's request to withdraw as counsel and the appeal pending in the above-captioned matter;

    IT IS HEREBY ORDERED that appellate counsel's request to withdraw is granted.

    THUS DONE AND SIGNED this _____ day of _____, 2010.


                     COURT OF APPEAL, THIRD CIRCUIT


                     _____
                     Judge Jimmie C. Peters


                     _____
                     Judge Marc T. Amy


                     _____
                     Judge J. David Painter