STATE OF LOUISIANA
v.
WINDA DARNELL WILTURNER.
No. 09-1423.
Court of Appeals of Louisiana, Third Circuit.
May 5, 2010.
Hon. JAMES A. DOWNS, District Attorney, Ninth Judicial District, 701 Murray Street, Alexandria, LA 71301, Counsel for Appellee: State of Louisiana.
CAREY J. ELLIS, III, Louisiana Appellate Project, 707 Julia Street, Rayville, LA 71269, Counsel for Defendant/Appellant: Winda Darnell Wilturner.
Court composed of PETERS, AMY, and PAINTER, Judges.

NOT DESIGNATED FOR PUBLICATION
PAINTER, Judge.
Defendant, Winda Darnell Wilturner, appeals the sentences imposed following his pleas of guilty to the charges of possession with intent to distribute cocaine and possession of methadone. For the following reasons, we affirm Defendant's convictions and sentences and grant appellate counsel's motion to withdraw.

FACTUAL AND PROCEDURAL BACKGROUND
On April 30, 2009, Defendant was charged by bill of information with possession with intent to distribute cocaine and possession of methadone, both violations of La.R.S. 40:967. Defendant entered guilty pleas to the charges in exchange for sentences of fifteen years at hard labor for possession with intent to distribute and five years at hard labor for possession of methadone, with the sentences to run concurrently to each other and to any other sentence Defendant was then serving. Additionally, the State agreed to not file a habitual offender bill. At the guilty plea proceeding, a factual basis for the plea was not set forth by the State.[1] The bill of information indicated that on or about February 13, 2009, Defendant knowingly and intentionally possessed cocaine with the intent to distribute and intentionally possessed methadone. The trial court sentenced Defendant in accordance with the plea agreement.
Defendant,pro se, filed a "Motion for Appeal" which was granted.[2] Appointed appellate counsel filed an Anders v. California, 386 U.S. 738, 87 S.Ct. 1396 (1967) brief in this matter. No brief was filed on behalf of Defendant.

DISCUSSION

Errors Patent
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is one error patent but that this error patent is harmless and/or waived.
The bill of information erroneously cited La.R.S. 40:967 "A1G" for possession with the intent to distribute cocaine. The correct citation for that offense is La.R.S. 40:967(A)(1). Subsection (G) of La.R.S. 40:967 provides special restrictions for those persons to whom subsection (F) applies. However, subsection (F) is not applicable to the present Defendant, thus, subsection (G) is likewise inapplicable. The erroneous citation of a statute, in the charging instrument, is harmless error as long as the error did not mislead the defendant to his prejudice. La.Code Crim.P. art. 464. After reviewing the face of the record, we find that Defendant does not allege any prejudice because of the erroneous citation mentioned above. Additionally, by entering an unqualified guilty plea, Defendant waived review of the pre-plea nonjurisdictional defect. State v. Crosby, 338 So.2d 584 (La.1976). Thus, the citation error is harmless and/or waived.

Anders Review
Pursuant to Anders, 386 U.S. 738, 87 S.Ct. 1396, Defendant's appellate counsel filed a brief stating that: "After a thorough review of all the pleadings filed in the District Court, the court proceedings, the bill of information . . . and all transcript contained in the record, no non-frivolous issues can be advanced by appellate review."
In State v. Benjamin, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the Anders analysis:
When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, Anders requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.
Pursuant to the Anders analysis enunciated in Benjamin, this court has performed a thorough review of the record, including pleadings, minute entries, the bill of information, and the transcript. This review indicates that Defendant was properly charged by bill of information, that he was present and represented by counsel at all stages of the proceedings, and that he entered free and voluntary guilty pleas after being advised of his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969). Furthermore, the sentences imposed were legal.
Since our review of the record has not revealed any issues which would support an assignment of error on appeal, appellate counsel's motion to withdraw is granted.

DECREE
For all of the foregoing reasons, Defendant's convictions and sentences are affirmed. Appellate counsel's motion to withdraw is hereby granted.
CONVICTIONS AND SENTENCES AFFIRMED; MOTION TO WITHDRAW GRANTED.

ORDER
After consideration of appellate counsel's request to withdraw as counsel and the appeal pending in the above-captioned matter;
IT IS HEREBY ORDERED that appellate counsel's request to withdraw is granted.
NOTES
[1] In State v. Collins, 95-1503, p. 7 (La.App. 3 Cir. 5/8/96), 677 So.2d 500, 505, writ denied, 96-1794 (La. 8/27/97), 699 So.2d 45, this court, citing State v. Linear, 600 So.2d 113, 115 (La.App. 2 Cir. 1992), stated: "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry." In this case, Defendant entered an uncontested plea, thus, the State was not required to set forth a factual basis to support the plea.
[2] The "Plea of Guilty and Waiver of Rights" form, signed by Defendant, included the following paragraph: "In exchange to the above charge and sentence bargained for, I understand this matter will be finalized and waive all rights to file any post trial motions including but not limited to an appeal of my conviction and sentence. . . ." Since the trial court granted Defendant's appeal, and the State has not objected, the validity and/or applicability of this waiver has not been addressed.