722 So.2d 1054 (1998)
STATE of Louisiana
v.
Craig BYCHURCH.
No. 97 KA 2846.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
Camille A. Morvant, II, Office of District Attorney, Thibodaux, for State of Louisiana.
Frederick Kroenke, Louisiana Appellate Project, Baton Rouge, for Defendant-Appellant Craig Bychurch.
Before LeBLANC, FOGG and PARRO, JJ.
PARRO, J.
The defendant, Craig G. Bychurch, was charged by bill of information with simple burglary and simple arson, in violation of LSA-R.S. 14:62 and 52, respectively. He pled not guilty and, after trial by jury, was found guilty as charged on both counts. For the simple burglary conviction, the defendant received a sentence of imprisonment for twelve years at hard labor, a $2,000 fine, and an order of full restitution to the victim. For the simple arson conviction, the defendant received a concurrent sentence of imprisonment for fifteen years at hard labor and a $15,000 fine. Subsequently, the State filed a habitual offender bill of information. The defendant apparently admitted to being a third felony habitual offender. The trial court vacated the previous sentences and imposed a single sentence of imprisonment for twenty-two years at hard labor. The defendant has appealed the simple arson conviction,[1] *1055 alleging two assignments of error, as follows:
1. The bill of information is defective because Count 2 (simple arson) does not contain a value of the property damaged.
2. The trial court erred in granting the State's ex parte motion and order to supplement the appeal record.
Due to the patent error noted herein, this court will not consider the defendant's assignments of error, both of which relate to the simple arson conviction.

FACTS
Sometime during the early morning hours of November 3, 1996, the defendant broke into a mobile home in Galliano, Louisiana. The owner, James Pitre, was away at work. The defendant removed several items and returned to his own home a few blocks away. Witnesses observed the defendant near the victim's trailer shortly before it erupted in flames.
In a taped confession, the defendant admitted the simple burglary, but repeatedly denied the simple arson. Some of the items taken from the victim's trailer were recovered from the defendant's residence. Although the victim had some insurance, the cost of replacing the trailer and personal property apparently exceeded his insurance coverage by more than $10,000. The State maintained at the trial that the defendant set the victim's trailer on fire in an apparent attempt to cover his tracks.

PATENT ERROR
We note a reversible patent error. Joinder of two or more offenses in a single bill of information is allowed by LSA-C.Cr.P. art. 493, provided that the offenses are triable by the same mode of trial. In this case, the defendant was charged in Count 1 with simple burglary, which is punishable by imprisonment with or without hard labor; a sixperson jury is required for this offense. See LSA-R.S. 14:62; LSA-Const. art. I, § 17; and LSA-C.Cr.P. art. 782(A). On the other hand, the defendant was charged in Count 2 with simple arson, but the amount of damage was not specified in the bill of information. Where the damage in a simple arson case amounts to $500 or more, the punishment is necessarily confinement at hard labor, and a twelve-person jury is required for this offense. See LSA-R.S. 14:52(B); LSA-Const. art. I, § 17; and LSA-C.Cr.P. art. 782(A). However, where the damage amounts to less than $500, the punishment may be confinement at hard labor, and a six-person jury is required for this offense. See LSA-R.S. 14:52(C); LSA-Const. art. I, § 17; and LSA-C.Cr.P. art 782(A).
Because the defendant was convicted of simple arson where the damage amounted to $500 or more, we can only conclude that the State intended to charge him with this grade of the offense. But the defendant was tried by a six-person jury, and where the defendant is tried by a jury composed of less than the correct number of jurors, the verdict is null. State v. King, 524 So.2d 1376, 1382 (La.App. 1st Cir.1988).
However, we do not find it necessary to reverse the simple burglary conviction. This offense was tried before the correct number of jurors. The defendant never objected to the misjoinder or filed a motion to quash the bill of information on this basis. As the two offenses were so closely related, evidence of either one could have been offered as a part of the res gestae of the other. See and compare State v. Clark, 589 So.2d 549, 553 (La.App. 1st Cir.1991), writ denied, 592 So.2d 1333 (La.1992); State v. Adams, 525 So.2d 1256, 1260-1262 (La.App. 1st Cir.), writ denied, 532 So.2d 130 (La.1988); State v. King, 524 So.2d at 1382.
Accordingly, the simple burglary conviction is affirmed. The conviction for simple arson where the damage amounted to $500 or more is vacated, and this matter is remanded to the district court for a new trial.[2]
*1056 SIMPLE BURGLARY CONVICTION AFFIRMED; SIMPLE ARSON CONVICTION REVERSED; REMANDED TO DISTRICT COURT FOR A NEW TRIAL.
NOTES
[1] In this appeal, the defendant does not contest the simple burglary conviction. The defendant has separately appealed his habitual offender adjudication and sentence. See State v. Bychurch, 97-2847 (La.App. 1st Cir.11/6/98), 722 So.2d 1056, also decided this date.
[2] We are aware of the recent approval of an amendment of LSA-Const. art. I, § 17, which added subsection B providing for the joinder of offenses such as those present herein. See 1997 La. Acts No. 1502, effective in November 1998. However, this new provision would not change the result herein for two reasons. First, the new provision is not retroactive. Second, the new provision allows the joinder of such offenses provided there is a twelve-person jury. As noted above, this case was tried before a six-person jury.