_|2PARRO, j.
The defendant, Craig G. Bychurch, was charged by bill of information with simple burglary and simple arson, in violation of LSA-R.S. 14:62 and 52, respectively. He pled not guilty and, after trial by jury, was found guilty as charged on both counts. For the simple burglary conviction, the defendant received a sentence of imprisonment for twelve years at .hard labor, a $2,000 fine, and an order of full restitution to the victim. For the simple arson conviction, the defendant received a concurrent sentence of imprisonment for fifteen years at hard labor and a $15,000 fine. Subsequently, the State filed a habitual offender bill of information. The defendant apparently admitted to being a multiple felony habitual offender. The trial court vacated the previous sentences and imposed a single sentence of imprisonment for twenty-two years at hard labor. The defendant has appealed the habitual offender adjudication and sentence,[1] alleging three assignments of error, as follows:
1. The trial court erred in sentencing the defendant on the multiple bill.
2. The trial court erred in failing to notify the defendant of the time period for filing a motion to reconsider sentence.
*1057 3. The trial court erred in imposing an excessive sentence.
Due to the patent sentencing error noted herein, this court will not consider the defendant’s assignments of error.

FACTS

Sometime during the early morning hours of November 3, 1996, the defendant broke into a mobile home in Galliano, Louisiana. The owner, James Pitre, was away at work. The defendant removed several items and returned to his own home a few blocks away. Witnesses observed the defendant near the victim’s trailer shortly before it erupted in flames.
|3In a taped confession, the defendant admitted the simple burglary but repeatedly denied the simple arson. Some of the items taken from the victim’s trailer were recovered from the defendant’s residence. Although the victim had some insurance, the cost of replacing the trailer and personal property apparently exceeded his insurance coverage by more than $10,000. The State maintained at the trial that the defendant set the victim’s trailer on fire in an apparent attempt to cover his tracks.

PATENT SENTENCING ERROR

We note a patent sentencing error. The trial court imposed only a single, enhanced sentence of twenty-two years at hard labor for the defendant’s simple burglary and simple arson convictions. LSA-R.S. 15:529.1 (the habitual offender law) permits only one sentence to be imposed for a single crime, and the previous sentence, if any, should be vacated coincident with imposition of the enhanced penalty. A multiple bill proceeding is in the nature, merely, of an enhancement of penalty rather than of a prosecution for a crime. State v. Hill, 340 So.2d 309, 311 (La.1976).
The habitual offender bill of information in this case listed both of the instant convictions and at sentencing, neither the prosecutor nor the trial court specifically stated which one of the convictions was being enhanced; therefore, we can only conclude that the single sentence imposed was intended to enhance both convictions. To enhance both of the instant convictions would have violated the rule that multiple convictions obtained the same day for offenses arising out of one criminal episode should be considered as one conviction for purposes of applying the habitual offender law in sentencing. See State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991).
Accordingly, the habitual offender adjudication and sentence must be vacated, and this case is remanded to the trial court with the following instructions. If the defendant is again convicted of a felony grade simple arson, and the State elects to institute habitual offender proceedings, it should amend the habitual offender bill to | /[specifically indicate which conviction is being enhanced. To do so, the State should specifically refer to the particular conviction being enhanced and it must not violate the rules of State ex rel. Porter v. Butler, 573 So.2d 1106, or State ex rel. Mims v. Butler, 601 So.2d 649 (La.1992) (on rehearing). Thereafter, the trial court shall impose a separate sentence for the conviction being enhanced and a separate sentence for the other conviction that is not being enhanced. However, if the State does not elect to institute another habitual offender proceeding, then the court shall impose a separate sentence for each conviction.
HABITUAL OFFENDER ADJUDICATION AND SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.

. The defendant has separately appealed his simple arson conviction. See State v. Bychurch, 97-2846 (La.App. 1st Cir.1 1/6/98), 722 So.2d 1054, also decided this date.