McClendon, j.
| ^Defendant, Shedrick Reado, III, was charged by bill of information with armed robbery (count one) and aggravated flight from an officer (count two), violations of LSA-R.S. 14:64 and LSA-R.S. 14:108.1(0). Defendant initially pled not guilty on both charges but subsequently entered a plea of guilty as charged on count two, and proceeded to trial on count one. Defendant was found guilty as charged upon trial by jury on count one and was sentenced to seventy years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. On count two he was sentenced to two years imprisonment at hard labor, to run concurrently with the sentence imposed on count one. The trial court denied defendant’s motion to reconsider sentence. Defendant now appeals, raising the constitutionality of the sentence and the trial court’s denial of his motion to reconsider sentence.[1] For the following reasons, we affirm the convictions and the sentences.
STATEMENT OF FACTS
On March 10, 2010, at approximately 7:30 a.m., defendant entered Gaubert’s Food Mart and Texaco Station in Houma, Louisiana, and purchased a cup of coffee. Roberta Pitre, the manager at the time, was present and served defendant. Pitre observed defendant put his coffee cup on the counter and walk behind the counter, armed with a knife. Defendant commanded Pitre to get in the corner and open the cash register. Defendant was standing a “[c]ouple of inches” away from the victim at the time. The victim complied with defendant’s commands and defendant removed the cash from the cash register. Defendant then commanded the victim to give him the money from the store’s safe and the victim again complied. Because the victim was in the middle of paperwork when defendant entered the store, the safe was unlocked at the time and the money |awas being stored in an unlocked bank bag. The victim gave defendant the bank bag of cash and he proceeded to leave. He told the victim to exit the store with him. As she followed defendant to the exit, a customer drove up and defendant fled to his vehicle. The victim locked the store doors and called the police.
Deputy Teron Stokes and Detective Jason Kibodeaux of the Terrebonne Parish Sheriff’s Office were dispatched to the scene. The victim reported the details of the incident, including a description of the perpetrator (a tall black male), the knife, the getaway vehicle (a blue and white pickup truck), and the direction in which the perpetrator travelled after the offense. Later that day, after defendant was apprehended, the victim further identified defendant as the perpetrator. During the subsequent execution of a search warrant for defendant’s' vehicle, the police recovered and seized a large sum of cash totaling *1084 $1,630.58, a black and tan six-inch pocketknife from the driver’s side door panel, and a small utility or razor-blade knife from the center console. At the trial, defendant stipulated to the commission of the elements of the offense with the exception of being armed with a dangerous weapon. The facts of the aggravated flight from an officer offense were not fully developed during the trial since defendant entered a guilty plea to that offense before the opening remarks.
ASSIGNMENT OF ERROR
In his sole assignment of error, defendant contends that the sentence is excessive and constitutes cruel and unusual punishment under the facts of this case. In that regard, he argues that the trial court erred in denying his motion to reconsider sentence. Defendant argues that the trial court failed to give adequate consideration to the following mitigating circumstances: he did not threaten the victim; he was forty-five years old at the time of the sentencing and will thus serve a life sentence based on the sentencing; and he admitted that he committed the robbery. Defendant notes that most of the aggravating factors listed in LSA-C.Cr.P. art. 894.1 are not applicable in this case. Defendant |4contends that under the facts of this case, the sentence is grossly out of proportion to the severity of the crime.
The Eighth Amendment to the United States Constitution and Article I, Section 20, of the Louisiana Constitution prohibit the imposition of excessive or cruel punishment. Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks one’s sense of justice. State v. Andrews, 94-0842 (La.App. 1 Cir. 5/5/95), 655 So.2d 448, 454.
The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. See State v. Holts, 525 So.2d 1241, 1245 (La.App. 1 Cir.1988). Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of LSA-C.Cr.P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. State v. Brown, 02-2231 (La.App. 1 Cir. 5/9/03), 849 So.2d 566, 569.
On count one, armed robbery, defendant was subject to a hard labor sentence without the benefit of probation, parole, or suspension of sentence for a minimum term of ten years and a maximum term of ninety-nine years. LSA-R.S. 14:64(B). As noted above, on count one, the trial court imposed a sentence of seventy years imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. On count two, aggravated flight from an officer, defendant was subject to a maximum sentence of two years imprisonment at hard labor. LSA-R.S. 14:108.1(E) (as in effect at the time of the offense). On count two, the trial court imposed the maximum sentence of two | ¿years imprisonment at hard labor, to be served concurrently with the sentence imposed on count one.
As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. James, 02-2079 (La.App. 1 Cir. 5/9/03), 849 So.2d 574, 586. Also, maximum sentences permitted under *1085 a statute may be imposed when the offender poses an unusual risk to the public safety due to his past conduct of repeated criminality. See State v. Hilton, 99-1239 (La.App. 1 Cir. 3/31/00), 764 So.2d 1027, 1037, writ denied, 00-0958 (La.3/9/01), 786 So.2d 113.
According to the victim’s trial testimony, when she saw defendant’s knife she stated, “Oh God, please don’t hurt me.” She also testified that she was afraid at the time and that this was the only time that she had ever been robbed. The victim testified that she was able to observe the blade of the knife and described it as a long, silver, utility or kitchen knife. There was no doubt in her mind that defendant was in possession of and presented a knife. At the sentencing hearing, it was noted that defendant had previous convictions for distribution of cocaine, first-degree robbery in Terrebonne Parish, and another first-degree robbery offense in Lafourche Parish. Defendant was sentenced to twenty-five years imprisonment at hard labor on each of the first degree robbery convictions and was on parole for those offenses at the time of sentencing in this case. In imposing the sentences, the trial court considered defendant’s criminal history and the seriousness of the instant case.
We find that the trial court adequately considered the factors set forth in Article 894.1. Bearing in mind defendant’s previous convictions and the nature of the instant crimes, we find no abuse of discretion by the trial court. The record provides ample justification for the imposition of the seventy-year sentence on count one and the concurrent maximum sentence on count two, considering the fact that defendant had three previous felony convictions and apparently had no intention or desire to become a productive, law-abiding citizen. Accordingly, the sentences imposed are not grossly disproportionate to 16the severity of the offenses and, therefore, are not unconstitutionally excessive. We find no error in the trial court’s denial of the motion to reconsider sentence and, likewise, find no merit in the assignment of error.
CONCLUSION
For the foregoing reasons, we affirm defendant’s convictions and sentences.
CONVICTIONS AND SENTENCES AFFIRMED.

. In challenging the sentencing below and on appeal, defendant uses singular terminology but does not specify which sentence is being challenged. In his appeal brief, he argues that the trial court failed to consider the circumstances of the armed robbery offense. In his motion to reconsider sentence, defendant lists both sentences but again briefly notes circumstances of the armed robbery offense. Although he may have only intended to challenge the seventy-year sentence imposed on count one, out of an abundance of caution we will review both sentences for constitutionality-