# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# NO. 2022 KA 0949

# STATE OF LOUISIANA

# VERSUS

# JOSHUA CALE TYRNEY

*Judgment Rendered:* __MAR 1 6 2023__

* * * * * * * *

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Case No. 2917-F-2020

The Honorable Alan A. Zaunbrecher, Judge Presiding

* * * * * * * *

Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Counsel for Appellee
State of Louisiana


Jane L. Beebe
Louisiana Appellate Project
Addis, Louisiana

Counsel for Defendant/Appellant
Joshua Cale Tyrney

* * * * * * * *

BEFORE: WELCH, PENZATO, AND LANIER, JJ.

**LANIER, J.**

The defendant, Joshua Cale Tyrney, was charged by bill of information with aggravated flight from an officer, a violation of La. R.S. 14:108.1(C) (count 1); resisting a police officer with force or violence, a violation of La. R.S. 14:108.2 (count 2); and aggravated criminal damage to property, a violation of La. R.S. 14:55 (count 3). The defendant pled not guilty and, following a jury trial, was found guilty as charged on count 1 and not guilty on count 3. On count 2, he was found guilty of the responsive misdemeanor offense of resisting an officer, a violation of La. R.S. 14:108. The State filed a habitual offender bill of information. Following a hearing on the matter, the defendant was adjudicated a fourth-felony habitual offender. On the enhanced sentence for aggravated flight from an officer, the trial court sentenced the defendant to twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence. For the resisting an officer conviction, the defendant was sentenced to ten days in parish jail, credit for time served satisfied. The defendant filed a motion to reconsider sentence, which was denied. The defendant now appeals, assigning error to his habitual offender adjudication and sentence.[1] For the reasons that follow, we affirm.

## LAW AND ANALYSIS

### Habitual Offender Adjudication

The defendant's prior convictions are listed in the State's habitual offender bill of information as follows:

1. In the 22nd JDC, Parish of St. Tammany, and State of Louisiana for the crime of Possession of a schedule II controlled dangerous substance on November 3, 2004, under case number 376261;

---

[1] The defendant does not challenge the jury's verdict finding him guilty of aggravated flight from an officer. Therefore, the facts of the underlying offense are not relevant to the instant appeal.

2. In the 22nd JDC, Parish of St. Tammany, and State of Louisiana for the crime of Possession of a legend drug on April 26, 2010,[2] under case number 481992;

3. In the 22nd JDC, Parish of St. Tammany, and State of Louisiana for the crime of Possession of a schedule III and a schedule IV controlled dangerous substance on April 26, 2010,[3] under case number 471887;

4. In the 22nd JDC, Parish of St. Tammany, and State of Louisiana for the crime of Possession of firearm or carrying concealed weapon by a person convicted of certain felonies on April 28, 2015 under case number 559300.

On appeal, the defendant argues the trial court erred in adjudicating him a fourth-felony habitual offender. Citing **State v. Baker**, 2006-2175 (La. 10/16/07), 970 So.2d 948, 958, cert. denied, 555 U.S. 830, 129 S.Ct. 39, 172 L.Ed.2d 49 (2008), the defendant contends that the habitual offender adjudication was in error because the conviction for the Schedule III/IV/legend drug possession in 2010 under docket number 471887 was also used as the predicate for his 2015 conviction for possession of a firearm by a convicted felon under docket number 559300. See La. R.S. 14:95.1. The defendant argues further that the habitual offender bill erroneously lists his two convictions for possession of a legend drug "as two separate convictions although they both occurred at the same time and were two counts of the same conviction" that the defendant pled guilty to on April 29, 2010.

A sentence imposed under La. R.S. 14:95.1 may be enhanced under the habitual offender law, as long as the prior felony conviction used as an element in the firearm conviction is not also used as a prior felony conviction in the multiple offender bill of information. **State v. Baker**, 2006-2175 (La. 10/16/07), 970 So.2d 948, 958, cert. denied, 555 U.S. 830, 129 S.Ct. 39, 172 L.Ed.2d 49 (2008).

---

[2] The date in the habitual offender bill of information is incorrect as the defendant was convicted under docket number 481992 on April 29, 2010.

[3] This date in the habitual offender bill of information is incorrect as the defendant pled guilty under docket number 471887 on April 29, 2010.

According to the record, and as acknowledged by the State in its brief, the defendant's 2010 conviction of possession of a Schedule III/IV/legend drug (docket number 471887) was used as the predicate for the defendant's conviction for possession of a firearm by a convicted felon (docket number 559300).[4] Thus, the possession of a Schedule III/IV/legend drug (docket number 471887) could not be used by the State as a prior felony conviction in the habitual offender bill for sentence enhancement purposes.

Concerning the defendant's argument that his two convictions for possession of a legend drug in 2010, while listed as separate convictions, occurred at the same time and, therefore, should have counted as only one prior conviction, this assertion is factually incorrect. Under the habitual offender law, amendments to La. R.S. 15:529.1(B), which became effective on August 15, 2005, added the following single sentence: "Multiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section." See 2005 La. Acts No. 218, § 1. Thus, as of August 15, 2005, same-day convictions prior to October 19, 2004, are counted as one conviction; however, those same-day convictions on or after October 19, 2004, may be counted as separate convictions. **State v. Bethley**, 2017-1127 (La. App. 1 Cir. 4/9/18), 2018 WL 1704096, *6, writ denied, 2018-0661 (La. 2/18/19), 265 So.3d 768.

Initially, we note that both convictions occurred after October 19, 2004, and thus, could be counted as separate convictions for purposes of habitual offender adjudication. However, the question still remains as to whether the defendant's prior convictions for possession of a legend drug arose from a single criminal act or from separate and distinct events. **Bethley,** 2018 WL 1704096 at *6.

---

[4] We note the discrepancy in the record concerning the charges underlying docket number 471887. While the habitual offender bill of information lists only possession of a Schedule III and a Schedule IV controlled dangerous substance, it is clear from the record that the defendant was also charged with possession of a legend drug without a prescription and later entered a guilty plea as to all three counts under docket number 471887.

4

Under docket number 471887, the offense date was June 20, 2009, and the defendant was arrested that same date by the St. Tammany Parish Sheriff's Office. Moreover, as indicated by a minute entry in docket number 471887, the defendant pled guilty to three drug offenses on April 29, 2010: a Schedule III and Schedule IV controlled dangerous substance, Bupremorphine and Alprazolam, respectively; and to possession of a legend drug, La. R.S. 40:1238.1, without a prescription, namely Soma-Carisoprodol.[5] Concerning docket number 481992, the offense date was December 15, 2009, and the defendant was arrested by the Mandeville Police Department on December 16, 2009. The defendant was subsequently convicted, by a jury of his peers, of possession of a Schedule IV controlled dangerous substance on April 29, 2010. Thus, it is clear the offenses were completely unrelated. The convictions arose from separate and distinct events and were not part of a single criminal act.

Based on the foregoing, we find that although the possession of a Schedule III/IV/legend drug (docket number 471887) was incorrectly listed by the State as a prior felony conviction, the error did not prejudice the defendant. The defendant still had three prior felonies, i.e., docket number 376261, docket number 481992, and docket number 559300, and was, thus, properly adjudicated a fourth-felony habitual offender. See La. Code Crim. P. art. 921. This assignment of error is without merit.

*Excessive Sentence*

In his second assignment of error, the defendant argues that his twenty-year sentence as a habitual offender is unconstitutionally excessive and that the trial court should have departed from the mandatory minimum sentence.

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive

---

[5] In the minute entry, this drug is misspelled as Soma-Carisoprol.

punishment. Although a sentence falls within statutory limits, it may be excessive. **State v. Sepulvado**, 367 So.2d 762, 767 (La. 1979). A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. **State v. Andrews**, 94-0842 (La. App. 1 Cir. 5/5/95), 655 So.2d 448, 454. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. See **State v. Holts**, 525 So.2d 1241, 1245 (La. App. 1 Cir. 1988). Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of Article 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **State v. Brown**, 2002-2231 (La. App. 1 Cir. 5/9/03), 849 So.2d 566, 569.

The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. **State v. Lanclos**, 419 So.2d 475, 478 (La. 1982). The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. See **State v. Jones**, 398 So.2d 1049, 1051-1052 (La. 1981). On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **State v. Thomas**, 98-1144 (La. 10/9/98), 719 So.2d 49, 50 (per curiam).

6

In **State v. Dorthey**, 623 So.2d 1276, 1280-1281 (La. 1993), the Louisiana Supreme Court opined that if a trial judge were to find that the punishment mandated by La. R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. In **State v. Johnson**, 97-1906 (La. 3/4/98), 709 So.2d 672, 676-677, the Louisiana Supreme Court reexamined the issue of when **Dorthey** permits a downward departure from the mandatory minimum sentences in the habitual offender law.

A sentencing judge must always start with the presumption that a mandatory minimum sentence under the habitual offender law is constitutional. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality. A trial judge may not rely solely upon the nonviolent nature of the instant crime or of past crimes as evidence that justifies rebutting the presumption of constitutionality. **Johnson**, 709 So.2d at 676.

To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Given the legislature's constitutional authority to enact statutes such as the habitual offender law, it is not the role of the sentencing court to question the wisdom of the legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is

so excessive in his case that it violates the constitution. Departures downward from the minimum sentence under the habitual offender law should occur only in rare situations. **Johnson**, 709 So.2d at 676-677.

Louisiana Revised Statutes 15:529.1(A) provides in pertinent part:

(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then the following sentences apply:

. . . .

(b) If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.

The State sought to enhance the instant sentence for aggravated flight from an officer, which is defined as a crime of violence. See La. R.S. 14:2(B)(39). Whoever commits aggravated flight from an officer shall be imprisoned at hard labor for not more than five years. La. R.S. 14:108.1(E)(1). Accordingly, the mandatory sentence pursuant to La. R.S. 15:529.1(A)(4)(b) was twenty years imprisonment at hard labor. See La. R.S. 15:529.1(G).

At sentencing, the trial court specifically addressed the **Dorthey** issue. The trial court noted that it "carefully reviewed" the **Dorthey** departure standards and found that those standards had not been met to the degree that would require a departure. The defendant points out in brief that his prior convictions were not for crimes of violence. Further, the defendant suggests that a twenty-year sentence for one count of aggravated flight from an officer was clearly excessive.

It is of no moment that the defendant's four prior convictions were not for crimes of violence. As noted by the Louisiana Supreme Court in **Johnson**, while the classification of a defendant's prior offenses as nonviolent should not be discounted, this factor has already been taken into account under the habitual

8

offender law for third and fourth offenders. **Johnson**, 709 So.2d at 676. Moreover, the defendant was not sentenced to twenty years imprisonment for one count of aggravated flight from an officer. The defendant received this *enhanced* sentence because of his continued lawlessness. The major reasons the Legislature passed the habitual offender law were to deter and punish recidivism. Under this statute, the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. **Johnson**, 709 So.2d at 677.

In the instant case, the defendant has not pointed to any instances of how his circumstances are unusual or how he is exceptional. Nor do we find anything particularly unusual about the defendant's circumstances that would justify a downward departure from the mandatory sentence under La. R.S. 15:529.1(A)(4)(b). The record before us establishes an adequate factual basis for the sentence imposed. The defendant has not shown by clear and convincing evidence that he is exceptional such that the sentence would not be meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. See **Johnson**, 709 So.2d at 676. Accordingly, no downward departure from the presumptively constitutional mandatory minimum sentence is warranted. The sentence imposed is not grossly disproportionate to the severity of the offense and, therefore, is not unconstitutionally excessive.

This assignment of error is without merit.

**HABITUAL OFFENDER ADJUDICATION AND SENTENCE AFFIRMED.**